4. STREET RAILROADS, § 135*—*what are questions of fact.* Whether a plaintiff was guilty of contributory negligence in riding on the steps of a street car or in failing to discover a fence which struck him, *held* questions for the jury.

5. STREET RAILROADS, § 124*—*what evidence of an accident is admissible.* Evidence that a street car was crowded when stopped by a wagon, shortly before plaintiff was injured, *held* proper as showing the condition of the car at the time of the accident and as bearing upon the question of the necessity of warning passengers, who were riding on the steps of such car, when it approached a fence.

6. NEGLIGENCE, § 214*—*when instruction may refer to pleadings.* The giving of an instruction referring to the negligence of a defendant "as charged in the declaration" instead of embodying the facts constituting such negligence does not constitute reversible error.

7. STREET RAILROADS, § 62*—*when person is passenger.* A person does not cease to be a passenger or lose his rights as a passenger by leaving a street car at the motorman's request to help in removing a wagon so that the car may proceed.

8. DAMAGES, § 239*—*when verdict will not be disturbed.* Award of thirty-five hundred dollars to person knocked from step of street car by fence adjoining tracks, *held* not grossly excessive or the result of passion and prejudice.

---

## Benjamin Schwartz, Plaintiff in Error, v. Anheuser-Busch Brewing Association, Defendant in Error.

### Gen. No. 18,466.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 14, 1913.

### Statement of the Case.

Actions by Benjamin Schwartz against Anheuser-Busch Brewing Association, a corporation, to recover rent for three months. The actions were consolidated in the trial court. From a judgment for plaintiff for $10.85, plaintiff brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

SABATH, LEVINSON & STAFFORD, for plaintiff in error.

GOLDIZER, RODGERS & FROELICH, for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 299*—*when proposition of law may be refused.* Propositions of law not involved in the case are properly refused.

2. LANDLORD AND TENANT, § 441*—*when evidence insufficient to establish renewal of lease.* In an action for rent, a finding of fact that defendant remained in possession of the premises after the expiration of the lease and a finding of fact that a check received by plaintiff for rent was not sent by defendant by mistake, *held* properly refused as not sustained by the evidence.

---

## O. J. Astry, Defendant in Error, v. Fox River Distilling Company, Plaintiff in Error.

### Gen. No. 18,488.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 14, 1913.

### Statement of the Case.

Action by O. J. Astry against Fox River Distilling Company, a corporation to recover on a promissory note made by defendant and indorsed to plaintiff. From judgment in favor of plaintiff for $517.85, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.